IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD CHASE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WARDEN M. FARRELL, et al. | : | No. 14-2380 |

**MEMORANDUM**

J. WILLIAM DITTER, JR., J.                                                              July 20, 2015

      This is a *pro se* petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by Ronald Chase.  Chase challenges his pre-trial detention arguing that he was improperly denied bail and that his speedy trial rights were violated.  For the reasons that follow, the petition is being denied as moot.

**FACTS AND PROCEDURAL HISTORY:**

      On April 9, 2010, Chase was arrested in connection with a string of burglaries targeting students at the University of Pennsylvania.  He was held in prison after failing to post bail.  Additional arrests related to the burglaries occurred on May 14, 2010, and August 13, 2010.  In October 2010, a total of seven cases were consolidated against Chase.  A preliminary hearing was held in Philadelphia Municipal Court on February 9, 2011.  Chase was held on all charges and his case was transferred to the Court of Common Pleas.

      Over the next year, the Commonwealth conducted discovery, plea negotiations took place, and a mental health evaluation and competency examination were completed.  Chase's case was continued due to conflicts with the trial court schedule and defense

counsel's requests.  Chase filed a motion for dismissal pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure on September 9, 2011, and a motion for release pursuant to Rule 600 on October 18, 2011.[1]

Chase was deemed competent to stand trial on November 2, 2011.  On February 27, 2012, Chase's motion for release on nominal bail was denied.  Continuances were

---

[1] Pennsylvania Rule of Criminal Procedure 600 provides in pertinent part, as follows:

**Rule 600. Prompt Trial**
(A) Commencement of Trial; Time for Trial
    (1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.
    (2) Trial shall commence within the following time periods.
        (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

*****

(B) Pretrial Incarceration
    Except in cases in which the defendant is not entitled to release on bail as provided by law, no defendant shall be held in pretrial incarceration in excess of
    (1) 180 days from the date on which the complaint is filed; or

*****

(C) Computation of Time
    (1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

    For purposes of paragraph (B), only periods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration. Any other periods of delay shall be included in the computation.

Pa.R.Crim.P. 600.

granted to the defense throughout this time.

On December 19, 2012, Chase's motion for release pursuant to Rule 600 was denied. On February 11, 2013, Chase rejected a plea offer from the Commonwealth. Defense counsel formally withdrew representation and a public defender was appointed to represent Chase. Newly granted defense counsel was granted several continuances for plea negotiations and trial preparation.

On September 16, 2013, Chase's case was continued to investigate a plea deal. Although the case was listed for trial, it was continued on December 31, 2013, for a second mental health evaluation of Chase.

On April 8, 2014, Chase filed the instant petition for writ of *habeas corpus* seeking his immediate release from pre-trial custody. Chase claims that the Commonwealth violated his Sixth Amendment right to a speedy trial and his right to release on nominal bail under Rule 600.

After filing this federal *habeas* petition, on April 17, 2014, Chase was deemed incompetent to stand trial. For the next year, defense requests for continuances were granted until April 21, 2015, when defense counsel withdrew his appearance and Chase was permitted to proceed *pro se.* Chase entered a negotiated guilty plea and was sentenced to 5-10 years of incarceration and placed on probation for an additional five years. According to the state court's docket as of July 20, 2015, there is no indication that Chase has filed to withdraw his plea or that he has otherwise appealed, thus his judgment

of sentence is final.  *See* Pa.R.A.P. 903 (notice of appeal shall be filed within 30 days after entry of the order from which the appeal is taken).

Respondents filed an answer to Chase's federal *habeas* petition asserting that Chase's petition is not entitled to federal habeas relief because he has not exhausted his state court remedies and because his claims are meritless.[2]

**DISCUSSION:**

    A.    **Jurisdiction and Mootness**

Chase filed the instant *habeas* petition while incarcerated at Curran-Fromhold Correctional Facility awaiting trial.  Criminal defendants incarcerated by a state awaiting trial may seek a writ of *habeas corpus* from federal courts.  28 U.S.C. § 2241(c)(3); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Moore v. DeYoung*, 515 F.2d 437 (3d Cir. 1975).

Chase claims that inordinate delay in bringing him to trial has violated his right to a speedy trial as guaranteed by the Sixth Amendment to the Constitution.[3]  Although Chase has set forth a cognizable claim, *see Barker v. Wingo*, 407 U.S. 514, 530-532 (1972), I need not determine the merits of that claim because Chase has pled guilty and been

---

[2] Respondents' answer was filed prior to the entry of Chase's guilty plea thus Respondents did not set forth any defense related to the entry of his plea.

[3] Chase has not alleged any specific prejudice arising from the alleged inordinate delay.  Indeed, his *habeas* petition merely details the factual circumstances surrounding the continued delays in his trial and the state court's failure to release him on nominal bail.  As a result, the only relief he seeks is release from pre-trial custody.

sentenced to 5-10 years' imprisonment.  He is no longer in pre-trial custody.  Because Chase only challenges his pre-trial detention in the instant petition, his sole claim is moot.  *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998).  As a result, his *habeas* petition is being denied as moot.

      An appropriate order follows.